# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2023

No. 22-30031

Lyle W. Cayce
Clerk

TAYLOR CARLISLE, *individually and as Representative Member of a Class*;
EMILE HERON, *individually and as Representative Member of a Class*,

*Plaintiffs—Appellants*,

*versus*

JOE MCNAIR, *also known as Joseph Thomas McNair*; NEWELL
NORMAND; MCNAIR & MCNAIR, L.L.C.; PHILADELPHIA
INDEMNITY INSURANCE COMPANY,

*Defendants—Appellees*,

SHERIFF JOSEPH P. LOPINTO, III,

*Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-3767

_____

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, *Circuit Judges*.
PER CURIAM:[*]

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-30031

Taylor Carlisle and Emile Heron, two former participants in Jefferson Parish's Drug Court, brought this civil rights action under 42 U.S.C. § 1983. They alleged members of the Drug Court, acting in their official and individual capacities, violated their constitutional rights to due process by jailing them for technical program violations and for giving them "flat time" sentences that did not allow credit for good behavior. Appellants also brought state law negligence claims against a court-contracted counselor. The district court dismissed claims against most Drug Court staff members, and this court affirmed those dismissals on two occasions.[1] This court also affirmed a district court's denial of Carlisle's petition for a writ of habeas corpus.[2] Carlisle and Heron now appeal following the district court's final orders dismissing claims against the local sheriff and a court-contracted counselor. We find five issues briefed on appeal.[3]

---

[1] *See generally Carlisle v. Mussal*, 774 F. App'x 905 (5th Cir. 2019) (unpublished) (per curiam); *Carlisle v. Klees*, 786 F. App'x 493 (5th Cir. 2019) (unpublished) (per curiam).

[2] *Carlisle v. Lopinto*, No. 20-30720, 2022 WL 1778548, at *1–2 (5th Cir. June 1, 2022) (unpublished) (per curiam). In 2018, this court reversed the district court's conclusion that Carlisle's habeas petition was moot. *Carlisle v. Normand*, 745 F. App'x 223, 224 (5th Cir. 2018) (unpublished) (per curiam).

[3] Appellants' briefing does not clearly convey their arguments. Appellants listed eighteen issues but failed to adequately brief most of those positions with legal arguments and citations to the record. Failure to adequately brief an issue on appeal constitutes waiver. *See Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020). And an appellant's contentions must provide "citations to the authorities and parts of the record on which the appellant relies," as well as "a short conclusion stating the precise relief sought." FED. R. APP. P. 28(a)(8), (9).

No. 22-30031

This court reviews the grant of a motion to dismiss and a motion for summary judgment *de novo*.[4] We review a district court's denial of a motion to amend for abuse of discretion.[5]

First, Appellants argue that the district court erred in rejecting their overdetention claim against Sheriff Joseph Lopinto. But the district court found, and Appellants do not contest, that authorities detained them at all times pursuant to court orders. Appellants' claim therefore attacks the drug court's sentence and is barred by *Heck v. Humphry*, which requires a § 1983 plaintiff whose claims would necessarily "render a conviction or sentence invalid" to prove that the conviction or sentence has been reversed on appeal or collateral attack.[6] Appellants can make no such showing here, so their overdetention claim may not proceed under § 1983.

Second, Carlisle contests the district court's dismissal of his state tort claim against Joseph McNair, a court-contracted counselor who evaluated Drug Court participants. McNair assessed Carlisle only once, in January 2013. The district court determined that McNair did not have a therapist–patient relationship with Carlisle and that McNair's activity did not cause Carlisle's alleged harm given that the ultimate decision-making power "rested with the judges administering the program." Appellants do not argue on appeal that McNair owed any duty to them, obliquely challenging only the district court's power to dismiss insufficient claims under Federal Rule of

---

[4] *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 477 (5th Cir. 2002) (citation omitted).

[5] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

[6] 512 U.S. 477, 486 (1994).

No. 22-30031

Civil Procedure 12(b)(6).[7] Carlisle therefore fails to show that the district court erred in dismissing his state law tort claim on the merits.

Third, Carlisle contests the district court's determination that any state law claims against McNair arising prior to April 27, 2015, were prescribed.[8] The district court determined that the drug court imposed all sanctions before that date, and Carlisle was therefore aware of facts that would put a reasonable person on notice that McNair committed any of the alleged wrongs against him. On appeal, Carlisle cites mainly federal case law discussing tolling in employment claims under the continuing violation doctrine. This argument is inapposite, and Carlisle points to no facts alleging that McNair continued to cause him harm after April 27, 2015. Carlisle's argument does not show that the district court erred in finding claims arising before that date prescribed.

Fourth, Appellants argue that McNair acted with deliberate indifference to the conditions of Appellants' confinement. The district court concluded that McNair was entitled to qualified immunity, dismissing "all § 1983 claims for damages against McNair" with prejudice. Appellants do not challenge the district court's determination that McNair retained qualified immunity, which bars relief on the deliberate indifference claim. Appellants also point to no facts indicating that McNair knew of and disregarded an

---

[7] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citation omitted).

[8] Appellants filed their complaint on April 27, 2016, *see* Complaint, *Carlisle v. Normand*, 2:16-CV-3767 (E.D. La. Apr. 27, 2016) (Dkt. No. 1), and the statute of limitations is one year.

excessive risk to Appellants' health or safety.[9] Appellants demonstrate no error in the district court's grant of qualified immunity to McNair.

Fifth, Appellants challenge the district court's denial of their motion to file a Fourth Amended Complaint. A "district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility."[10] The district court reasoned that Appellants were "simply shifting their claims in response to the Court's rulings, and that the Sheriff would be unduly prejudiced at this stage of litigation if Plaintiffs were allowed to significantly amend the claims against him, particularly given the status of his pending Motion for Summary Judgment." Appellants argue that they had good cause to amend and that the district court lacked a substantial reason to deny the motion but provide no reasons specific to their case. We are satisfied that the district court did not abuse its discretion in denying leave to file a sixty-page amended complaint in these circumstances.

Appellants fail to show district court error in any orders rejecting claims brought against individuals conducting work related to the Drug Court. We AFFIRM.

---

[9] *See Farmer v. Brennan*, 511 US 825, 837 (1994).

[10] *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014).